Seng, Appellant, *v.* American Stores Company.

Argued January 10, 1956. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO, and ARNOLD, JJ.

*Laurence H. Eldredge,* with him *Paul A. McGinley,* for appellants.

*Samuel D. Frederick,* with him *Robert B. Doll* and *Snyder, Wert & Wilcox,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, March 13, 1956:

On Saturday afternoon, May 6, 1950, Mrs. Helen Seng entered the Acme Markets of the defendant American Stores Co., in Allentown, for the purpose of doing her week-end purchasing of groceries. She accomplished her objective and emerged from the store carrying in her arms two bags of such size and content that they reached to her chin. She turned to the left on Hanover Street, the thoroughfare on which the store fronted, and then, arriving at the corner of the building, made another left turn to follow the footpath which skirted the structure on its east side, leading to the plan of lots where she resided. Only 6 to 8 inches from the corner there lay on the footpath a disconnected rain spout guard (a tin device looking something like a stove pipe), not visible to Mrs. Seng because of the bundles in her arms. On her first step around the corner, she tripped over the abandoned tin cylinder and fell, sustaining serious injuries not necessary to discuss here. In the ensuing lawsuit which she brought against American Stores, the Court below entered a compulsory nonsuit on the basis that the plaintiff was guilty of contributory negligence as a matter of law. This appeal followed..

It is unnecessary to dwell on the fact that getting groceries out of a store is just as important a part of the shopping operation as paying for them, and that a duty devolves upon the store owner to keep his building approaches as safe as the interior of his establishment. Nothing can be more common to the eye than customers leaving a grocery store laden with packages. It could even be said that it would be more unusual

for a customer to leave any one of the modern markets empty-handed than to see one depart loaded down as was Mrs. Seng. Nor can it be said that it is unforeseeable that a customer might well be so burdened with parcels that his vision for the terrain at his feet would be somewhat limited and impaired. Mrs. Seng testified that her packages blocked out her view of the ground for 10 feet immediately in front of her. But even if the packages in her arms had obscured the path for only a distance of 30 inches (the normal pace of an adult), she would still have fallen over the derelict stove pipe since she tripped after taking only one step around the corner.

Although it could not be denied that the plaintiff had the right to get her groceries home, the lower Court, in nonsuiting her claim, did not indicate what course was open to her to get this mission accomplished. Since she was alone, the only alternative which was left her was to make two trips, but there is no standard of conduct which required her to undergo the effort and toil of two journeys when, with a clear sidewalk beneath her, one would have been sufficient.

At any rate, if she used bad judgment in making a single trip instead of two, her action was not so radical a departure from what would be expected of a reasonably prudent buyer of groceries that the law should say that it constituted contributory negligence per se. As Mrs. Seng came out of the store, a clerk of the defendant company preceded her and turned the corner before her. It would not be unnatural for her to assume that if danger lay in her path this agent of the defendant would warn her of it. He was, however, silent.

The law has not catalogued every conceivable situation in accidents of this kind and labelled the ones which spell out contributory negligence *per se* and

those which are subject to analysis by a jury. In fact, there are very few absolutes in negligence law when varying circumstances come into play. Of course, if a person crosses a busy street reading a newspaper and is hit by a coal truck, a Court would have no difficulty in appraising his recklessness as legal contributory negligence. But if a pedestrian looks up for an instant to read an advertising sign and at that moment steps on a slippery object in his way, and is injured, a factual question arises as to whether his brief lack of care was one common to reasonably prudent pedestrians or was one which bespoke inexcusable carelessness. The appellate courts have passed on many cases where the plaintiff was injured during moments of distraction. Thus, in *Johnson v. Rulon*, 363 Pa. 585, the plaintiff fell in a restaurant when, because of reading some "food signs on the wall," he failed to note an opened trap door in the floor. The lower Court in that case entered a nonsuit which this Court removed, saying: "The question whether the plaintiff exercised the degree of care required of him in the circumstances was likewise for the jury. He was entitled to rely on the defendant's performance of his *affirmative* duty in the premises: see Vetter v. Great Atlantic & Pacific Tea Company, supra, at p. 454 and cases there cited. And, by like token, the plaintiff's failure to anticipate negligence on the part of the defendant in such regard cannot be used by indirection to defeat his claim for damages for injuries sustained as a result of such negligence . . . Nor do the facts, themselves, present such an unmistakable showing of fault on the plaintiff's part as to justify a court in declaring, as a matter of law, that he failed to use reasonable care for his own safety."

In *Duvall v. City of New Castle*, 74 Pa. Superior Ct. 573, the woman plaintiff sustained injuries when

she slipped on a ridge of ice caused by a defective spouting. Her view of the ice was obscured when a woman friend, with whom she was walking, stepped in front of her, pushing a baby carriage. It was contended there that the plaintiff was guilty of contributory negligence as a matter of law. The Superior Court declared, however, that "whether under the circumstances the conduct of the plaintiff was negligent and contributed to the injuries complained of was a question for the jury."

In *Rementer v. Phila.*, 41 Pa. Superior Ct. 354, the Superior Court also decided that it was a question for the jury whether a woman plaintiff was contributorily negligent when, pushing her own baby carriage, she fell into a sewer inlet screened from view by the carriage. In *Strader v. Monroe*, 202 Pa. 626, we held that it was for the jury to determine whether the plaintiff was oblivious to her own safety when she cycled so close behind her son that she was unable to see a loose plank on a bridge which caused her to fall.

In *Nicholson v. Philadelphia*, 194 Pa. 460, this Court affirmed a verdict where the plaintiff's view of a defective sidewalk was obscured because of packages she carried: "It was also in evidence that the plaintiff was incumbered with various articles in her hands and arms at the moment of the accident, being engaged in moving from her former residence to another. In these circumstances she could scarcely be expected to keep up so careful a lookout for defects in the pavement as an ordinary foot passenger entirely unimcumbered. In view of these special facts in the situation it was the duty of the court to leave the question of contributory negligence to the jury."

The average person going about his affairs with reasonable care is not required by the law to approach every phase of his daily routine with suspicion and dis-

trust. It is not contributory negligence *per se* to repose faith in one's fellow man. It is not contributory negligence for one to assume that his neighbor will not, for no reason at all, throw a bowlder in the path of passersby or place a snare at their feet. In the *Rementer* case above cited, where the plaintiff suffered a pedestrian mishap while pushing a baby carriage, Judge BEAVER said: ". . . the plaintiff had the right to presume, in crossing the street, that it was in good condition, or, as Mr. Justice STEWART expresses it, having her baby coach in front of her, she could walk by faith, at least to the extent that faith must necessarily, by reason of the presence of her baby carriage, have taken, to some extent, the place of sight."

Mrs. Seng could well assume that many customers would come out of the store encumbered with packages as she was encumbered, and that reasonable care would be exercised by those whose business visitor she was to keep the exit path clear of stumbling obstruction. In the case of *Mullin v. Welsbach St. Lighting Co.*, 318 Pa. 552, 555, we said: "In determining whether or not a pedestrian has exercised sufficient care, the fact that his arms are encumbered by packages, which to a degree prevents him from seeing what is on the pavement, is one of the attending circumstances which must be taken into account."

It is to be noted in the case at hand that the accident to Mrs. Seng happened so quickly after she turned the corner that it would have been a question for the jury whether she was at fault, aside from the fact that she was carrying packages. She fell at the very first step after leaving the front of the market. In *Cox v. Scarazzo*, 353 Pa. 15, the plaintiff fell into a delivery well after taking one step from a restaurant he had visited. This Court held that whether the plaintiff was guilty of contributory negligence was a matter for

the jury: "A jury might properly find that had appellee seen the open well while in the act of taking a step at the moment he was unexpectedly confronted with the truck, he could not have checked the forward momentum of his body in time to prevent the accident. When unexpected events happen with such rapidity, as they did here, it is within the province of a jury to determine whether, under all the circumstances, plaintiff's act was rash and negligent or in disregard of danger and the result of inattention, or an instinctive reaction to the unexpected, resulting in injury due solely to the negligence of the appellant."

This Court has said on numerous occasions that: "Contributory negligence will be declared as a matter of law only where it is so clear that there is no room for fair and reasonable disagreement as to its existence. If reasonable doubt exists as to the inferences that may be drawn from the oral evidence, then it must be submitted to a jury. In passing on a motion to remove a compulsory nonsuit and in reviewing a denial of such motion, the evidence must be considered in light most favorable to plaintiff, and he must be given the benefit of every inference and deduction reasonably to be made therefrom."* With that rule before us as we read the record in this case, the conclusion is inescapable that the jury, rather than the Court, should decide whether Mrs. Seng was guilty of contributory negligence which would defeat her claim against the defendant company.

Judgment reversed, and case remanded with a v.f.d.n.

Mr. Justice ALLEN M. STEARNE did not participate in the decision of this case.

---

* *Szukics v. Ruch*, 367 Pa. 646, 649.

DISSENTING OPINION BY MR. JUSTICE BELL:

This Court has said countless times that a person is guilty of contributory negligence as a matter of law if he fails to see what could and should have been seen if he had looked. Expressed in other words, a person cannot walk or drive blindly—if he does and is injured, he is guilty of contributory negligence as a matter of law.

Plaintiff was walking along a sidewalk; she was carrying bags or bundles in her arms in such a fashion that she could not see anything on the pavement in front of her "for about ten feet". She did not stop to look if the sidewalk was clear, or move the bundles so that she could see what was in her path, or turn sideways in order to see if there was anything on the sidewalk. In broad daylight she rounded the corner of a store, took one step and then fell over a metal rainspout guard which had broken and fallen on to the sidewalk. It was one and a half feet long, *one foot high* and one foot wide. As this Court said in *Bilger v. Great Atlantic & Pacific Tea Company*, 316 Pa. 540, 543, 175 A. 496; "It is well settled that one who fails to notice an obviously dangerous condition on a sidewalk and is injured thereby is contributorily negligent as a matter of law." It is difficult, if not impossible, to imagine a clearer, stronger case of contributory negligence!

In *Druding v. Philadelphia*, 374 Pa. 202, 204, 97 A. 2d 365, the Court said: " 'What this court stated in Bailey v. Alexander Realty Co., 342 Pa. 362, 20 A. 2d 754, applies to the instant case: ". . . When an individual can assure his own safety by the use of his senses, he must do so or abide the consequences of his carelessness. . . . The duty of availing oneself of one's senses, for self-protection can seldom be breached with physical impunity and never with legal sanction. . . .

The rule that a victim cannot recover damages for injuries sustained by him if he could have avoided the injury by the exercise of ordinary care bars this plaintiff's recovery:" ' Bartek v. Grossman, 356 Pa. 522, 525, 52 A. 2d 209.

" 'A person may not recover for injuries which are received as a result of a failure on his part to observe and avoid an obvious condition which ordinary care for his own safety would have disclosed': Boock v. Acme Markets, Inc., 347 Pa. 501, 503, 32 A. 2d 759; Rogers v. Max Azen, Inc., 340 Pa. 328, 16 A. 2d 529."

Plaintiff contends that she should be held to a lesser degree of care because she blindly turned the corner, than if she had been walking straight along the sidewalk without being able to see any hole or obstacle within ten feet of her. If anything, the degree of care in rounding a corner is higher than in walking straight along a sidewalk. This plaintiff admitted that she walked around the corner *without looking* and *without being able to see* a very large object 12 inches high and 18 inches long. She claims she can voluntarily and intentionally put on "10 foot blinders"; and if she turns a 90° angled building corner, encumbered to such an extent that it is impossible for her to see within 10 feet of the corner and she falls within that space, it is not her fault. Such a contention seems to me to be so legally indefensible as to be ridiculous! It would, in my judgment, be franker and wiser to abolish the doctrine of contributory negligence, than to make a mockery of the law by allowing this plaintiff's case to go to a jury.

For these reasons I vigorously dissent.