## Ow, Appellant, v. Kroger Co.

Argued April 11, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Harry Alan Sherman,* for appellant.

*William A. Challener, Jr.,* with him *Frank J. Brown, Jr.,* for appellee.

OPINION BY WOODSIDE, J., June 15, 1961:

This trespass action was brought to recover for injuries received by the plaintiff when she fell over a mat in a store as she was carrying two bags of groceries.

The court below granted the defendant's motion for judgment n.o.v., and refused plaintiff's motion for a

new trial, after a verdict for the plaintiff in the amount of $1250.

The plaintiff entered the Kroger Market in Pittsburgh about 9 o'clock in the morning and purchased groceries and meat. The purchases were checked by the cashier and placed into two large paper bags. The cashier handed her one of the bags. She says she remonstrated that it was too heavy, but she took it. The cashier handed her the other bag. She says she again remonstrated that it was too heavy, but she took it. While she was carrying the two bags out of the store, she tripped and fell over a turned up corner of a mat. She was helped up by a clerk, went to her car and drove it to the post office and then went to work at the place of her employment where she remained all day.

As the plaintiff was a business visitor, the defendant owed her the duty of keeping its premises in a reasonably safe condition, and of correcting any unsafe condition which was discoverable by the exercise of reasonable care. The defendant was not an insurer and the mere happening of an accident did not impose liability upon it. *Parker v. McCrory Stores Corp.*, 376 Pa. 122, 124, 125, 101 A. 2d 377 (1954); *Hess v. Sun Ray Drug Co.*, 387 Pa. 199, 200, 201, 127 A. 2d 699 (1956); *Lanni v. Pennsylvania Railroad Co.*, 371 Pa. 106, 110, 88 A. 2d 887 (1952); *Hartigan v. Clark*, 401 Pa. 594, 605, 165 A. 2d 647 (1960); *Cutler v. Dushoff*, 192 Pa. Superior Ct. 37, 159 A. 2d 524 (1960).

For the plaintiff to recover, it was incumbent upon her to prove that the condition of which she complained was the result of the direct negligence of an employee of defendant, or that defendant had sufficient constructive notice of the defect to have enabled it to correct that defect. *Hess v. Sun Ray Drug Co.*, supra, p. 201.

The plaintiff testified that she caught her shoe under a mat. There is no evidence that any employee of the defendant caused or knew of the turned up corner of

the mat, or how long it had been turned up. It could have been turned up by a customer leaving the store immediately ahead of the plaintiff as far as the evidence shows. The court below, therefore, properly concluded that the evidence did not establish negligence on the part of the defendant, and judgment n.o.v. should be granted. See *Sloss v. Greenberger*, 396 Pa. 353, 152 A. 2d 910 (1959) ; *Loeb v. Allegheny County*, 394 Pa. 433, 147 A. 2d 336 (1959) ; *Yania v. Bigan*, 397 Pa. 316, 155 A. 2d 343 (1959).

The court below also concluded that the plaintiff was guilty of contributory negligence, because she carried the bags so that she could not "see the floor at all where [she] was walking." This case differs from *Seng v. American Stores Co.*, 384 Pa. 338, 121 A. 2d 123 (1956), relied upon by plaintiff. Here the plaintiff acknowledged she could not "see the floor at all," while in the *Seng* case the plaintiff could see the floor 10 feet ahead. We are of the opinion that the court below was correct in concluding that the plaintiff was guilty of contributory negligence. See *Sloss v. Greenberger*, supra, 396 Pa. 353, 356, 152 A. 2d 910 (1959).

Although granting the defendant's motion for judgment n.o.v., the court below, to its credit, also gave careful consideration to the plaintiff's motion for a new trial on the ground of insufficiency of the verdict. The plaintiff claimed special damages of $1463, most of which resulted from an operation on her knee performed 21 months after the accident. Other than those growing out of the operation, her special damages were $116. She was injured about 9 o'clock in the morning and worked all that day. All of the x-rays of her knee were negative. The verdict was undoubtedly a compromise. As we suggest above, the evidence of negligence was lacking and the evidence of contributory negligence was strong. But that is not all. There was evidence that the plaintiff did not trip over an up-

turned mat, but caught her heel in a hole in the mat which pulled off her shoe and caused her to go down on one knee.

"Where the evidence of negligence or contributory negligence, or both, is conflicting or not free from doubt, a trial judge has the power to uphold the time-honored right of a jury to render a compromise verdict, and to sustain a verdict which is substantial . . ." *Karcesky v. Laria,* 382 Pa. 227, 235, 114 A. 2d 150 (1955); *Padula v. Godshalk,* 192 Pa. Superior Ct. 618, 623, 161 A. 2d 919 (1960).

The brief of the plaintiff contends that the trial judge charged the jury that the plaintiff was guilty of contributory negligence as a matter of law by holding in her hands loaded shopping bags. The charge of the court was not reproduced for us by appellant, nor were there any direct quotations from it in her brief. We have carefully examined the charge of Judge SOFFEL in the original record and find that it was completely fair and does not fit the characterizations contained in the plaintiff's brief. Aside from the action on the motion for judgment n.o.v., the court below did not abuse its discretion in refusing the motion for a new trial.

Judgment affirmed.

ERVIN and MONTGOMERY, JJ., concur in the result.

WATKINS and FLOOD, JJ., dissent.