Herbert, J.,
dissenting. I find that I cannot agree with my brethren. This dissent is based upon two well established principles of law which must be considered in the disposition of the issues in the case at bar. They are:
(1) The duty under the common law resting upon the owner or occupant to make his premises and approaches thereto reasonably safe for his invitees or business visitors.
(2) The requirement of the statutes of Ohio (Sections 4101.01, 4101.11, 4101.12 and 4101.13, Revised Code) that the owner or occupant maintain his premises in the conduct of his business, ‘ ‘ and the premises appurtenant thereto, ” in a reasonably safe condition to protect the life, health, safety and welfare of frequenters of such premises.
(1) That plaintiff, Lucy M. Beaney, was an invitee of the defendant Lawson Milk Company, herein called defendant, is not open to question. She had lived in Macedonia for many years, and on prior occasions had been a patron of the defendant, on the date she was injured she was going to defendant’s store to make a purchase, and was on the sidewalk in front of such store.
An agent of the defendant planned the parking lot. Its use was for the customers of all the tenants. This parking lot was an attraction to draw people to the defendant’s premises as well as those of other tenants. The defendant’s store had two display windows to attract purchasers. A sidewalk ran along the front of defendant’s store as well as along the front of other storerooms in the area. There was an overhanging roof above the sidewalk, in which were installed electric lights controlled from within defendant’s storeroom.
Under the terms of its lease, defendant was required to remove ice and snow from the sidewalk in front of its storeroom and to maintain and keep in working order the lighting fixtures in the roof over the sidewalk.
The duty owed plaintiff invitee by the defendant occupant is stated, as follows, in 39 Ohio Jurisprudence (2d), 564, Section 52:
“It is the duty of the owner or occupier of premises to exercise ordinary or reasonable care for the safety of invitees. The authorities are entirely agreed upon the proposition that an owner or occupant of lands or buildings, who directly or by im *415 plication invites or induces others to go thereon or therein, owes to such persons a duty to have his premises in a reasonably safe condition, and to give warning of latent or concealed perils of which he knows. He must use ordinary care in keeping his premises free from dangers which are not discernible by a prudent person using ordinary care, under the circumstances. In other words, the law is well settled that an owner or occupant of land who, by invitation, express or implied, induces or leads others to go upon premises for any lawful purpose is liable for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist without timely notice to the public, or to those who are likely to act upon such invitation, and if there are hidden dangers upon the premises, he must use ordinary care to give persons rightfully upon the premises warning thereof.” (Emphasis added.)
38 American Jurisprudence, 756, Section 96, has this to say:
“An owner in occupation of the premises violates his duty to an invitee when he negligently allows conditions to exist on the property which imperil the safety of persons upon the premises.”
The same authority continues at page 795, Section 134, ibid.:
“The proprietor of a place of business which is kept open to public patronage is obligated to keep the approaches and entrances to his store in a reasonably safe condition for the use of customers entering or leaving the premises.” (Emphasis added.)
65 Corpus Juris Secundum, 532, Section 45, comments:
“Where the public is invited to use a private way, the person extending the invitation, ivhether the owner or another person, is under a legal obligation to keep the way in a reasonably safe condition.” (Emphasis added.)
And this authority continues at page 538, Section 48, ibid., amplifying the duty of the occupier, in this language:
“An invitation to enter premises carries with it the duty toward the persons invited to provide reasonably safe means of ingress and egress, and where the invitation is to a particular part of the premises there is a duty to maintain the approaches thereto in a reasonably safe condition for use.”
Prom the foregoing authorities it is settled that the com *416 mon law denies any escape to the occupier of premises from his legal duty to make such premises reasonably safe for an invitee. He cannot contract away such duty by lease, agreement or any other device, nor can he successfully defend upon the claim of joint or several liability with another who is not a party to the action. 65 Corpus Juris Secundum, 639, Section 102.
(2) The statutes of Ohio, supra, place a duty, similar to that of the common law, upon an employer-occupier of premises used for business purposes to make and keep such premises reasonably safe for an invitee to such premises.
The sections of the Revised Code of Ohio pertinent to the instant case are, in part, as follows:
Section 4101.01. “* * * (A) ‘Place of employment,’ means every place, whether indoors or out, or underground, and the premises appurtenant thereto, where either temporarily or permanently any industry, trade, or business is carried on, or where any process or operation, directly or indirectly relating to any industry, trade, or business is carried on, and where any person is directly or indirectly employed by another for direct or indirect gain or profit, but does not include any place where persons are employed in private domestic service or agricultural pursuits which do not involve the use of mechanical power. ( (# # #
“(E) ‘Frequenter’ means every person, other than an employee, who may go in or be in a place of employment under circumstances which render him other than a trespasser.”
The defendant at its place of business employed a store manager and one or two other employees. A portion of their work was to remove snow and ice from the sidewalk in front of the defendant’s storeroom, being the place where the plaintiff was injured.
Section 4101.11. “Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably *417 necessary to protect the life, health, safety, and welfare of such employees and frequenters.” (Emphasis added.)
Section 4101.12. “* * * No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of snch employees or frequenters. * * *” (Emphasis added.)
Section 4101.13. “* * * No employee shall interfere with the nse of any method or process adopted for the protection of any * * * frequenter of such place of employment, or fail to follow and obey orders and to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters.” (Emphasis added.)
It is obvious that the General Assembly intended to protect the employees and also those members of the general public who came into the place of employment upon legitimate business.
Both the common and statutory law being clear in respect to the duty of an occupier of premises to an invitee to provide reasonable protection, there then arises the question whether a jury issue is presented.
Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, in the third paragraph of the syllabus, lays down the rule to be followed relative to submitting a case to a jury:
“Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.”
The syllabus limits the duty of a storekeeper to his patrons solely to his own premises and states that “such duty does not extend to the construction of a barrier on the parking lot * * *.” In the concurring opinion of Taft, C. J., the obligation of a storekeeper is to exercise reasonable care for the safety of those invited to his premises for business purposes. The Chief Justice further is of the opinion “that duty does not extend to construction of a greater barrier than was in existence in the instant case.” In other words, the three-inch elevation of the surface of the sidewalk in front of the milk company’s store above the blacktop surface of the parking area satisfied such duty of the storekeeper.
*418 In both the majority and concurring opinions the allegations of negligence in the amended petition are ignored. They are: “Lawson Milk Company * * * neglected and omitted to provide a guardrail post, barrier, or other protection along said sidewalk to prevent vehicles from driving from said parking lot onto said sidewalk and striking invitees of said premises, and in particular, the plaintiff; and failed to keep said sidewalk in front of said store in reasonably safe condition for the use of its patrons and invitees. ’ ’
It is readily foreseeable that even a light snow would obliterate the sidewalk edge from that of the parking lot. Reasonable care is a matter for determination by a jury. See 39 Ohio Jurisprudence (2d), 786, Section 178, where there are cited about five pages of authorities.
In its general charge to the jury, the trial court said:
“* * * The operators of stores are not bound to take care to prevent injuries, which in the light of human experience [are] beyond the range of probability or foreseeability. However, such store operators do have a duty to exercise ordinary care to make the approaches and entrances to their stores reasonably safe to prevent injuries to their patrons while on their premises and over the private approaches over which the control of the storekeeper extends for the purpose of providing private access to the store for its patrons, provided that such injuries are those which an ordinary, reasonable and prudent person operating the store under the same or similar circumstances would have anticipated and would have foreseen.”
This instruction followed the universally recognized rule that a storekeeper owes the duty of reasonable care to an invitee, both in the store itself and in the approaches thereto.
The majority opinion here fails to take into consideration the relative positions of the parties and turns only to the terms of the lease to determine who occupied and controlled a given area and from this determination establishes liability. The result of such interpretation is practically to confine the defendant’s liability strictly to the building used by it and totally ignores the law of invitation. The defendant’s store management necessarily extended its invitation to its customers to use the parking lot and the walks leading to its store. A convenient lot was one of the inducements to bring customers to the de *419 fendant’s store. It was one of the facilities offered to attract patrons.
The courts, recognizing that a store must necessarily have a means of ingress or egress, have extended liability to the approaches to a store.
As the court said in Seng v. American Stores Co., 384 Pa., 338, 340, 121 A. (2d), 123:
“It is unnecessary to dwell on the fact that getting groceries out of a store is just as important a part of the shopping operation as paying for them, and that a duty devolves upon the store owner to keep his building approaches as safe as the interior of his establishment. ’ ’
It is the duty of the tenant, defendant here, to see that walks and parking areas are in such a condition that they may be used with safety by his customers, and where, as here, a parking area and walks serve a number of stores, each store owner is under a duty to see that the premises are in a safe condition for his customers. See, for example, Ventromile v. Malden Electric Co., 317 Mass., 132, 57 N. E. (2d), 209; 65 Corpus Juris Secundum, 526, Negligence, Section 45; and Fitzsimons v. National Tea Co., 29 Ill. App. (2d), 306, 173 N. E. (2d), 534. In other words, an occupier or tenant is liable to an invitee for the conditions of any premises such invitee is invited to use, and here plaintiff, as such invitee, was clearly invited to use both the parking lot and the sidewalk. It is the extent of the invitation and not control of the premises which must establish liability in cases such as this.
Summarizing, the defendant knew that its customers were required to use the walk to gain access to its store, and that vehicles would park headed in to this walk — a potentially dangerous practice. Defendant must be further held to the knowledge that there is a considerable overhang between the front wheels of the modern motor vehicle and the front bumper, and that many people in parking drive the car forward until an obstruction is felt in front of the wheels. Under such circumstances, defendant must be held to have known that the condition of the parking lot created a danger to persons using the walk and was thus under a duty to provide sufficient barriers to prevent the front of the motor vehicle from crossing the walk line, or to provide some supervision of vehicles, or at least to post warning *420 signs calling attention of the customers to the dangers present.
The trial court submitted to the jury the following interrogatory :
“Who do you find was in possession and control of the parking lot and sidewalk at the scene of the defect complained of when the plaintiff, Lucy Beaney, was struck by the car operated by the defendant, Ruby Carlson?” (Emphasis added.) The jury answered the question: ‘ ‘ The Lawson Milk Company. ’ ’ Each of the twelve jurors signed this answer.
In addition to the duty imposed upon the defendant to exercise reasonable care to provide safety for its invitees, there is additional evidence of actual control of the premises “at the scene of the defect.”
Defendant was required to exercise control of the sidewalk in order to clear it of ice and snow and also to maintain the light fixtures over the sidewalk. Installation of concrete block buffers, four feet in length by six inches in width and eight inches in height, was considered at the time the parking lot was being planned, and evidence was admitted, without objection, that after plaintiff suffered her injuries such concrete buffers were installed. Defendant’s store manager knew of the use of both concrete buffers and steel posts in other places to protect pedestrians from automobiles.
Did the defendant Lawson Milk Company exercise reasonable care for the safety of those invited to its premises for business purposes? A jury of twelve citizens unanimously said, “NO.” The trial court, three judges of the Court of Appeals and the writer of this dissent agree with the jury. There is a total of 17 reasonable minds agreeing that there was a jury question and 17 reasonable minds agreeing that the plaintiff, Mrs. Beaney, was entitled to a judgment.
For the foregoing reasons, the judgment of the Court of Appeals should be affirmed.