## Bilger *v.* Great Atlantic & Pacific Tea Company, Appellant.

Argued October 8, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John A. Metz,* with him *Wm. C. McClure,* for appellant.

*Emanuel Goldberg,* for appellee.

OPINION BY MR. JUSTICE DREW, November 26, 1934:

The appellant company, in January, 1930, conducted a retail grocery store on Brownsville Road in the Borough of Mount Oliver. The floor of the store was on a level with a concrete sidewalk in front of the building. The front was of the common type, with double glass doors, and with a show window on each side of the entrance. Between the show windows and flush with the sidewalk was an open entrance way, or so-called vestibule.

On the morning of the accident, the appellant had a display consisting of five paper sacks of flour on the sidewalk at the corner of the entrance to the store. It was not then raining, but water from melted ice or some other source trickled from the cornice or other part of the building on the sacks of flour in the display. The display fell, and one or more of the sacks was broken, with the result that there was a pile of wet flour about two feet in diameter and half an inch deep in the vestibule, on the side on which the flour had been standing. Plaintiff, a woman seventy-three years of age, came to the store

shortly after noon, and was there ten or fifteen minutes. Just as she opened the door and started to leave, according to her testimony, she slipped on the flour and was injured by her fall. The jury returned a verdict in her favor for $3,000. From the refusal by the court below of its motions for binding instructions and for judgment n. o. v. the company has appealed.

Appellant contends that the evidence of notice to it of the dangerous condition was insufficient to take the case to the jury, and that in any event plaintiff was contributorily negligent as a matter of law. It is unnecessary to consider the first of these contentions, inasmuch as we are of opinion that the second is sound and requires a reversal of the judgment of the court below.

Plaintiff testified that she did not know whether or not the flour was in the vestibule when she entered the store, and that she did not see it when she started to leave. Her testimony shows further that the doors were of glass and that there was nothing to obstruct her view, there being no other customers in the store at the time. Since, on the view of the evidence most favorable to plaintiff, the flour could not have been there more than a very short time, it must have retained most of its original whiteness. While the day was damp and sunless, it was not raining, and the accident happened in the middle of the day. It was just as light in the vestibule as it was on the sidewalk, only a few feet away. Under the circumstances, it taxes the imagination to understand how or why plaintiff could have failed to notice the pile of flour which, according to uncontradicted testimony, was approximately two feet in diameter and half an inch deep, and which lay directly in her path. It is not suggested, nor could it be, under the evidence, that there was not abundant space in the vestibule to permit her to avoid the flour if she had noticed it.

It is strongly urged upon us that a less degree of attention is demanded of customers in stores than of pedestrians on sidewalks, and that the rule requiring the sub-

mission of the question of contributory negligence to the jury in the store cases should be applied here. Whatever may be said about the soundness or extent of that rule, there is no question that its application must be restricted to the aisles and interior passageways of stores. The vestibule in this case was outside the doors of the store, was on a level with the sidewalk, and in a sense constituted an extension of it. It was, in effect, a sidewalk into the store, and we are unable to see why people traveling upon it should not be held to the same degree of care that would be required of them on a public highway or sidewalk. It is well settled that one who fails to notice an obviously dangerous condition on a sidewalk and is injured thereby is contributorily negligent as a matter of law: Sickels v. Phila., 209 Pa. 113; Kleckner v. Cent. R. R. of N. J., 258 Pa. 461; Gryning v. Phila., 269 Pa. 277; Lane v. Dickinson, 276 Pa. 306; Davis v. Wilkes-Barre, 286 Pa. 488. The reason for differentiating between the standard of care imposed upon pedestrians on sidewalks and that required of customers in stores is one which does not apply to the case before us. In Bloomer v. Snellenburg, 221 Pa. 25, we said, at page 27: "Customers are invited into a store, and to walk along the aisles where goods are displayed upon every hand for the very purpose of catching the eye and attracting the attention of those who use the passageways. It is not reasonable to expect that the same degree of attention shall be bestowed upon the placing of the feet, under such circumstances, as would properly be required outside upon the public highway. The passageway ought to be kept reasonably clear for the use of those who at the time are expected to be, to some extent, using their eyes in the inspection of goods and merchandise spread before them for that purpose." In the present case, plaintiff, having completed her purchases, was leaving the store and was but a step or two from the sidewalk when she fell. She should therefore have begun to direct her attention more closely to the possibility of dangers in her

path, as she would have been bound to do if she had actually been on the sidewalk.

Plaintiff also claims that the present case is controlled by Markman v. Bell Stores Co., 285 Pa. 378, in which a woman, in leaving a store, slipped on vegetable refuse which had accumulated on a platform at the entrance way, and the question of contributory negligence was held to have been properly submitted to the jury. In that case, however, it appeared that plaintiff's view was obstructed, both in entering and in leaving, by other customers passing through the entrance way at the same time, and that their proximity prevented her from observing the condition of the platform. We there expressly said: "Some inattention may be excused by reason of conditions brought on by matters beyond the control of plaintiff which limit his ability to see, such as the interference occasioned by others passing, provided they were sufficient in number and nearness to prevent a proper view." The circumstances of the present case are entirely different. Plaintiff's own testimony was to the effect that no other customers were in the store at the time, nor does she claim that her view was in any way obstructed. And, however obscure the obstacle in the Markman case may have been, it cannot seriously be contended that a white pile of flour the size of this one could be anything but obvious. No one who was in the least attentive to conditions underfoot could have failed to notice it. If plaintiff had been exercising ordinary care in looking where she was going, she would have seen the flour and would have been required to avoid it; and she will not now be heard to complain against defendant of the consequences of her failure to observe an obstacle which ordinary care would have disclosed, whether defendant was negligent or not.

The judgment of the court below is reversed and judgment is here entered for defendant.