Ziegler et ux. *v.* Western Union Telegraph Company, Appellant.

Argued March 27, 1935.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edward Schreiner,* for appellant.

*Thos. M. Marshall, Jr.,* with him *Henry X. O'Brien,* for appellees.

OPINION BY MR. JUSTICE DREW, May 27, 1935:

Sarah W. Ziegler and her husband brought this action to recover compensation for injuries alleged to have been suffered by her on June 18, 1931, when she slipped and fell on the floor of defendant's telegraph office in the Jenkins Arcade Building in the City of Pittsburgh. The jury found for plaintiffs, and from the judgments entered against it defendant appealed, assigning as error, inter alia, the refusal of its motion for judgment n. o. v.

The office in question faces about sixteen feet on the arcade and runs back nineteen feet along Stanwix Street. A space seven feet deep across the entire front, separated from the rear of the office by a counter of the usual height, is set apart for the use of the company's patrons. In the window facing the arcade there is a desk for the writing of telegrams, and there are doors leading from the arcade and the street. Mrs. Ziegler entered the office about 1:30 in the afternoon, by way of the arcade entrance. She went to the desk, wrote out a telegram, took it to the counter, and handed it to an attendant there. She then turned to her left to go out by the Stanwix Street door, eight or ten feet from where she stood at the counter. The accident occurred after she had taken three or four steps toward the door.

Mrs. Ziegler testified that her fall was caused by the presence on the floor of a large quantity of "greasy wax." She said that when she got to her feet she found that the floor was "covered all over" with "thick, greasy-looking wax, very oily looking." She said further: "Just where I slid through I could see where my feet and my shoes had slid through the wax, where I had wiped it up with my clothes, but the rest was all shiny, greasy wax." When asked which end of the room she referred to, she repeated that the wax was "all over" the floor. Her sister, who looked in at the Stanwix Street door and window about forty-five minutes later, after learning of the accident, testified that the floor was "all wet and like melted wax" and was "very oily looking," and that one place, about

276

three or four feet from the door, "looked as if it had been sort of wiped up." She said that she could not state definitely how thick the wax was, but that it was "right thick" and that there was "lots of it."

In support of its contention that judgment n. o. v. should have been granted in its favor, defendant argues that plaintiffs' own evidence shows conclusively that Mrs. Ziegler was guilty of contributory negligence as a matter of law. We think this is clearly true. It is apparent from her own testimony and that of her sister that the condition of the floor was obvious and would have been seen by her if she had so much as glanced at it. There is nothing whatever in the record to indicate or even remotely suggest that her view of the floor could have been obstructed by other customers (as in Markman v. Bell Stores Co., 285 Pa. 378) or by anything else. She testified that as she turned to go out the door the sun was "shining brightly in the window and door" and "sort of blinded" her, but this, if true, is no excuse, for if she had been exercising the slightest care she would have seen the wax on the floor as she entered the room and while she remained in it before starting to leave. She did not see it then because, as she testified, she "wasn't looking for it," but if she had exercised the care of a reasonable person she could not have failed to see it. If she had seen it, she could easily have avoided the danger by walking alongside the counter and a wooden panel, three feet high, leading from the far end of the counter to the door, by which she could readily have found support in case she felt herself slipping. The exercise of ordinary care would have enabled her to see and escape the danger, and neither she nor her husband will be heard to complain of the consequences of her failure to observe and avoid a danger which ordinary care would have disclosed. See Bilger v. Great A. & P. Tea Co., 316 Pa. 540.

Judgments reversed and judgment here entered for defendant.