## Walker *v.* Broad and Walnut Corporation et al., Appellants.

Argued December 4, 1935. Before FRAZER, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Harry S. Ambler, Jr.,* for Broad and Walnut Corporation, appellant.

*John J. McDevitt, Jr.,* with him *Joseph M. Leib* and *John J. McDevitt, III,* for Joseph Lipton, appellant.

*Alfred L. Padula,* with him *Norman R. Dutton,* for appellee.

OPINION BY MR. JUSTICE DREW, January 6, 1936:

Plaintiff, an acrobatic dancer, who had recently secured a position as an entertainer at the Embassy Club in the City of Philadelphia, was returning from her work on May 3, 1934. The hour was approximately three o'clock in the morning. She had been driven to her hotel by a girl friend. Upon alighting from the car she crossed the sidewalk and proceeded to pass through the single revolving door which comprised the only entrance. The door was of the ordinary metal and glass construction, permitting a view of the interior of the lobby. At that time the floor just inside the entrance was being cleaned by a servant of a floor cleaning establishment, which did the work under a contract with the hotel. This was the usual hour for the washing and scrubbing of the floor. As plaintiff entered the workman was "right at the front entrance of the lobby." He was "busy scrubbing with a mop and a bucket." In addition to water, a cleansing compound appropriate to the marble floor was used. After passing through the door, plaintiff started to cross the floor when she slipped and fell. She testified that

she "sat right down on [her] spine" and that the floor "was all wet and slippery and soapy." She was assisted to her feet and proceeded in the elevator to the proper floor, from which she went unassisted to her room. These are the essential facts in the record, viewed, as it must be, in the light most favorable to plaintiff. To recover for personal injuries alleged to have been sustained this action of trespass was brought against the owner of the hotel and the proprietor of the floor cleaning establishment. The jury returned a verdict against both defendants, and from the judgment entered thereon each has appealed, assigning as error, inter alia, the refusal of their respective motions for judgment n. o. v.

It is not seriously contended that there was negligence on the part of defendants in the actual washing of the floor. There is no evidence that the work was not being done in the ordinary way and with the ordinary materials. It was only natural that the cleaning would be done at night and at an hour when few were in the lobby. The washing and cleaning of the floor was essential to the proper management and conduct of the hotel. That a marble floor is wet and slippery during the process of cleaning is common knowledge. Plaintiff insists, however, that she should have been given notice and warning of the fact that the floor was being cleaned. She argues that a sign should have been posted, or the premises roped off, or that someone might have stood guard at the door. It was upon this ground alone that the learned trial judge submitted the case to the jury. The latter was instructed that there was no evidence of negligence with respect to the time of the operation, the quantity or nature of the material used, or the manner in which the work was done. The record shows that this action was entirely proper. But the jury was further told that there might be a finding of negligence because of defendants' failure to employ some warning or safeguard for the protection of a person entering the lobby. It may be noted that there is ordinarily no duty to give notice of

that which is obvious. But whether or not this instruction was correct it is not now necessary to decide. Plaintiff was clearly guilty of contributory negligence as a matter of law and the court below should have directed a verdict for both defendants.

Plaintiff violated the ordinary duty of care required of all persons to look where they are going. Had she been looking into the lobby as she was coming through the door she could not have failed to see the cleaning man who was busily engaged with his mop and bucket just a few feet inside the entrance. Her view was not obstructed by any other persons thereabout. True, she testified that she did not "see anyone inside, standing in the lobby near the door." But, when asked to locate on a photograph of the lobby the position of the cleaning man, she placed him directly inside the door in full view of any person entering and looking ahead. The answer must be that plaintiff was not looking when she entered. Had she seen the wet floor it is most improbable that she would have fallen. She is a professional acrobatic dancer and as such is accustomed to earn her living by performing on a much more slippery floor than the one here involved.

Nor may plaintiff evade the bar of contributory negligence upon the ground that there was no safe alternative means of entrance available. She might have waited until the operation had been completed. Her argument that she should have been given notice implies that this would have been the case. In any event, defendants' negligence, if such there was, consisted merely of their failure to give due warning, and since plaintiff should, in the exercise of the reasonable care that she was bound to use, have seen and recognized the danger, it is obvious that the alleged negligence on the part of defendants was not the proximate cause of plaintiff's fall. Under the circumstances, the washing of the floor was not in itself negligence.

We are not unmindful of the elementary rules of law requiring those responsible for the care and upkeep of property to maintain the premises in safe condition for the use of those whose presence may be anticipated. But it has always been equally true, and our recent cases have made it very clear, that a person may not abandon the duty of ordinary care for his own safety, and, in the event of injury, seek to charge one whose negligence would not in itself have been sufficient had there not been combined therewith the lack of due care on the part of the injured person: Levitt v. B/G Sandwich Shops, Inc., 294 Pa. 291; Bilger v. Great A. & P. Tea Co., 316 Pa. 540; Ziegler v. Western Union Telegraph Co., 319 Pa. 274.

In this disposition of the case it is unnecessary to discuss the relationship that existed between defendants and the respective legal incidents that attached thereto.

The judgment of the court below is reversed and judgment is herein entered for defendants.