## Larson et ux. *v.* N. Snellenburg & Company, Appellant.

Argued September 30, 1943.   Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ. (STADT-FELD and RENO, JJ., absent).

*Richard A. Smith,* with him *Thomas J. Clary* and *Louis Wagner,* for appellant.

*Harry L. Clark,* for appellees.

OPINION BY RHODES, J., January 27, 1944:

Plaintiffs, husband and wife, brought this action in trespass to recover damages for injuries sustained by wife plaintiff when she slipped and fell, near an entrance, on the floor of defendant's store.

Plaintiffs recovered in the court below where the case was tried by a judge sitting without a jury. Exceptions to the findings and conclusions of the trial judge were dismissed and judgments were entered on the findings. Defendant has appealed.

According to the evidence the accident occurred on December 5, 1941, about 10:15 A. M., as wife plaintiff and her husband were about to leave the store. They entered about 9:30 A. M., and did some shopping. It had been raining steadily from 12:45 A. M. to 9:30 A. M., and again from 9:50 A. M. to 10:02 A. M. Visitors to the store tracked in rain, mud, and muck as they entered; and the spot where wife plaintiff fell, about two feet from the door, was wet and slippery. Defendant had assigned a porter to mop up the floor, and he was so engaged at this entrance when the accident occurred. The mop which he used failed to absorb all the water, and the floor where wife plaintiff fell was consequently wet.

Plaintiffs alleged that defendant was negligent in maintaining the floor in a wet and soapy condition under the circumstances, and in failing to properly remove the condition.

The trial judge found that defendant was negligent, and that wife plaintiff was not guilty of contributory negligence.

We shall not pass upon the question whether plaintiffs proved the allegations of negligence. If we assume this was a factual question to be determined by the trial judge, we are nevertheless of the opinion that plaintiffs are precluded from recovery because of wife plaintiff's contributory negligence as a matter of law in failing

to observe and recognize the condition which caused her fall. Although still in the store wife plaintiff was about to leave and was only two feet from the door when she fell; and it does not appear that her view of the condition was obstructed, or that she could not have seen if she had been looking. While the standard of care on her part as a customer in the store was not as high as that imposed upon pedestrians on a sidewalk (*Bloomer v. Snellenburg*, 221 Pa. 25, 27, 69 A. 1124), she was under a duty to either observe the obvious condition or show factors which prevented her from seeing it, such as the immediate presence of other customers. *Bilger v. Great Atlantic & Pacific Tea Co.*, 316 Pa. 540, 543, 175 A. 496.

One of plaintiffs' own witnesses stated that anyone walking where wife plaintiff was walking could see the floor at that point; and that there were only "four or five people moving both ways" when she fell. Wife plaintiff herself offered no explanation as to her failure to see the condition beyond the general statement "the crowd was coming in and out and I didn't notice." Her view was not cut off by anyone or anything in close proximity to her. As our Supreme Court stated in *Rogers v. Max Azen, Inc.*, 340 Pa. 328, at page 332, 16 A. 2d 529, at page 531: "Where, as here, the attention of the customer is not so challenged and diverted, the mere fact that the injury was sustained in a store does not remove the case from operation of the general rule ordinarily applicable to business invitees as well as to pedestrians on sidewalks."

We are convinced, after giving plaintiffs the benefit of every fact and inference properly deducible therefrom, that wife plaintiff was guilty of contributory negligence as a matter of law in failing to observe the obvious condition which caused her fall. *Walker v. Broad & Walnut Corp. et al.*, 320 Pa. 504, 182 A. 643; *Ziegler et ux. v. Western Union Telegraph Co.*, 319 Pa.

274, 179 A. 45.   There was no crowd at the entrance, there was no unusual conduct of other customers, and there was no untoward occurrence which prevented her from fully observing and avoiding the situation with which she was confronted, and which ordinary care would have disclosed.

The judgments of the court below are reversed, and judgments are here entered for defendant.