Subasky et vir, Appellants, *v.* The Great Atlantic & Pacific Tea Company.

Argued April 17, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Coleman Harrison,* for appellants.

*Samuel W. Pringle,* with him *Dalzell, McFall, Pringle & Bredin,* for appellee.

OPINION BY HIRT, J., July 17, 1947:

In this trespass action for damages resulting from injuries to the wife, the jury found for both plaintiffs. These appeals question the propriety of the entry of judgment n. o. v. in favor of the defendant.

There is little dispute as to the facts. About 6 P. M. on March 30, 1945, plaintiffs were marketing together in

defendant's store in Wilmerding as had been their weekly custom for several years. They were familiar with the store both in its physical aspects and the self-service method of its operation. They had made some purchases of supplies which were placed in a wire basket on a cart pushed about by the husband. The wife-plaintiff preceded him on leaving the meat counter. She testified that she proceeded along a table, with fruit upon it, and after taking a step or two into an aisle at her left, came in contact with a wire basket on the floor, not far from the vegetable counter. The size of the basket was 18 by 12 inches and it was 6 inches high. It was filled with vegetable refuse. Her testimony is to this effect: Her attention was attracted to the fruit on the table and she did not look as she turned into the aisle at her left nor observe the basket on the floor until her foot came in contact with it. She said: ". . . I just go straight to the fruit counter and I walk straight and I want to turn and I didn't see the basket way on the other side, and I just go around the counter and I just bump in that basket with my foot". The injury was a slight scratch above the left ankle, which later developed into a seriously disabling ailment.

The store was well lighted. No other customers were nearby and there was nothing to prevent the wife-plaintiff from observing the basket in front of her on the floor. She said: "I could see where I was going". She also testified that she had frequently seen similar baskets on the floor of the store although they were in the middle of aisles and contained produce offered at reduced prices. The husband testified that a clerk standing nearby in the aisle was filling the basket on the floor with waste from the vegetable counter. The wife however said the clerk was about eight feet beyond the basket.

The law is well-settled that it is incumbent on one occupying property, to which persons come by invitation, express or implied, to maintain the premises in a reasonably safe condition for the contemplated uses thereof,

and, in the absence of warning to the contrary a business visitor is entitled to rely on the assumption that such duty has been performed. *Vetter v. Great A. & P. Tea Co.,* 322 Pa. 449, 185 A. 613. But even if it be conceded here that the defendant was chargeable with negligence, recovery is clearly barred in this case by the contributory negligence of the wife-plaintiff. Self-service is usual in present day markets, as in defendant's store in Wilmerding, with attendant risks to customers somewhat greater than in the conventional stores of the past. In a sense a shopper is both clerk and customer. Stocks must be replenished during business hours and waste materials removed; of necessity the floors of aisles and passageways must be obstructed to some extent in the process. A customer must also be alert to guard against negligent acts of others who are serving themselves. In a department store, goods, displayed attractively for the very purpose of catching the eye, may excuse one from noting an unguarded obstruction on the floor of the aisle in front of him. *Bloomer v. Snellenburg,* 221 Pa. 25, 69 A. 1124. But the principle cannot be invoked in this case to absolve the wife from contributory negligence. An ordinary display of oranges and grapefruit in a self-service store cannot be so distracting as to justify one in not looking where he is going. The fact, therefore, that the wife-plaintiff was looking at the fruit counter as she passed it, did not excuse her from observing the basket in front of her as she turned into the aisle on her left. She would have seen the obstruction if she had looked, and in this respect she failed to exercise the degree of care imposed upon her by law. A business visitor "may not abandon the duty of ordinary care for his own safety, and, in the event of injury, seek to charge one whose negligence would not in itself have been sufficient had there not been combined therewith the lack of due care on the part of the injured person": *Walker v. B. & W. Corp. et al.,* 320 Pa. 504, 182 A. 643. This case falls within the rule that ordinarily " 'no lia-

bility attaches for injuries from alleged dangers or defects which [are] obvious . . . for, all that the law requires is that the premises be so constructed and maintained that they can be used without danger by persons using ordinary care for their own safety' " *Simmonds v. Penn Fruit Co.*, 354 Pa. 154, 47 A. 2d 231; *Burckhalter et ux. v. Woolworth Co.*, 340 Pa. 300, 16 A. 2d 716; *Ziegler et ux. v. W. U. Telegraph Co.*, 319 Pa. 274, 179 A. 45; *Larson et ux. v. N. Snellenburg & Co.*, 154 Pa. Superior Ct. 63, 35 A. 2d 540.

Under the most favorable inferences from the testimony, plaintiffs cannot recover.

Judgment affirmed.