Yarkosky *v.* The Caldwell Store, Inc. et al.,
Appellants.

476

Argued April 16, 1959. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*Francis H. Patrono,* with him *McCloskey, Patrono and McCloskey,* for appellants.

*Charles G. Sweet,* for appellant.

*P. Vincent Marino,* for appellees.

Opinion by Hirt, J., June 10, 1959:

Defendant, The Caldwell Store Inc., operates a department store on South Main Street in the City of Washington, in this State. It is the largest store for the sale of general merchandise in that city. The additional defendants are the owners of the premises. In the conduct of its business the Caldwell corporation has occupied the entire building continuously since 1923 under leases with the owners. The present lease was entered into in 1927. The entrance to the store is at the end of a recessed area referred to as a vestibule or lobby extending into the building from the sidewalk. In the middle of this entranceway there was a

showcase in which merchandise was displayed. On both sides of the showcase there were narrow corridors which provided customers with the only means of ingress and egress to and from the store. Along each passageway there was a large display store window extending from the sidewalk to the store entrance.

Shortly after noon on September 11, 1954, the wife-plaintiff, with another young woman, went into the defendant's store to make some purchases. She was particularly interested in looking for a coat. On this occasion she bought a skirt and as she left the store she was carrying a box in which it had been packed, together with some smaller packages containing other purchases. She also carried a handbag. In the lobby, she and her companion turned into the passageway on their right. Below the show window on that side of the lobby there was a metal faucet three inches from the floor which protruded out into the passageway about five inches from the wall. It was threaded for a hose connection for use by the janitor in flushing the area. This plaintiff had no notice of the protruding faucet and did not know it was there. In the lobby she was attracted to a display of women's coats and dresses in the show window on her right. The faucet was corroded and was dark in color and she did not observe it. As she turned away from the window her foot was caught under the faucet; she was thrown to the floor of the lobby and was injured in the fall. As to the circumstances, she testified: "Well, I came out of the store on the right-hand side going out, and I was walking along and saw a coat and dress in the window, and I love clothes, so, naturally, I went over to look at it. Then there was. people to my left, . . . and when these people moved I wanted to go around and look at the front of this coat and dress, and I just tripped and fell over this pipe." And

further: "I was looking in the window at the dress and coat. I was going to buy a coat. In fact, I did, . . ." we assume on a later occasion. There were a number of women on her left in the passageway although they were not crowding her. It was when she turned to get a better look at the coat that she fell. When sued, the Caldwell corporation brought in the owners of the premises as additional defendants and the verdict was for the plaintiffs in the sum of $1,000 against both. In separate appeals both the original and the additional defendants contend that they are entitled to judgments in their favor n.o.v.

This wife-plaintiff was a business invitee, and since she was on the premises by implied invitation it was incumbent upon the Caldwell Store corporation to maintain the premises "in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended": *Vetter v. Great A. & P. Tea Co.*, 322 Pa. 449, 454, 185 A. 613. A possessor of land who has knowledge of a dangerous condition is under a duty to warn a visitor of it. *Johnson v. Rulon*, 363 Pa. 585, 70 A. 2d 325; *Weir v. Bond Clothes, Inc.*, 131 Pa. Superior Ct. 54, 198 A. 896. Caldwell Stores, the original defendant clearly was chargeable with actionable negligence and there is no merit in the contention that the plaintiffs are barred by contributory negligence of the wife.

A person may not recover for injuries which are received as a result of a failure on his part to observe and avoid obvious conditions which ordinary care for his own safety would have disclosed. *Bream v. Berger*, 388 Pa. 433, 130 A. 2d 708; *Hon v. Brown & Co.*, 380 Pa. 191, 110 A. 2d 375. But in the application of that rule it cannot be said in the light of the verdict that the wife-plaintiff was chargeable with contributory negligence as a matter of law. The standard of care

applicable to a customer in a store is not as high as that imposed upon a pedestrian on a sidewalk. *Larson v. N. Snellenburg & Co.,* 154 Pa. Superior Ct. 63, 35 A. 2d 540. And in determining whether a business visitor's failure to observe a dangerous condition on the premises constitutes negligent inattention, the fact that the possessor of the land has eye-catching objects on display which diverted the visitor's attention, is an important factor for consideration. "In a department store, goods displayed attractively for the very purpose of catching the eye, may excuse one from noting an unguarded obstruction on the floor of the aisle in front of him": *Bloomer v. Snellenburg,* 221 Pa. 25, 69 A. 1124; *Subasky v. A. & P. Co.,* 161 Pa. Superior Ct. 90, 53 A. 2d 840. A less degree of attention is required of customers in stores under such circumstances. *Rogers v. Max Azen, Inc.,* 340 Pa. 328, 332, 16 A. 2d 529.

In avoiding the application of the above principle, however, it is contended, on the authority of *Bilger v. Great A. & P. Tea Co.,* 316 Pa. 540, 175 A. 496, that the vestibule here was but an extension of the sidewalk and therefore this plaintiff was chargeable with contributory negligence, under the sidewalk law, in failing to notice the dangerous condition created by the protruding faucet. The vestibule in the instant case was not merely an extension of the sidewalk on South Main Street; in our view it clearly was a part of the store. The show case in the middle of the area removed every implication of a sidewalk and the narrow passageways on either side of the show case had the characteristics of aisles within the store enclosure. Merchandise was on display on both sides of each passageway as with aisles in the store; the only difference was the absence of sales clerks in the vestibule. During the winter months the vestibule was closed off at the sidewalk

line by storm doors and thus physically became a part of the store building. In *Schroeffel v. Great A. & P. Tea Co.*, 132 Pa. Superior Ct. 233, 200 A. 694, a recovery was affirmed in a case where the wife-plaintiff fell and was injured when she caught her shoe on a protruding nail immediately outside the door of a store, as she was leaving. Here as in the *Schroeffel* case, the woman when injured was carrying a number of packages containing merchandise which she had bought in the store.

Moreover in our view the owners of the premises, as additional defendants, were properly held to be jointly liable. It was a fair inference for the jury that the offending faucet was an integral part of the building when the Caldwell corporation first went into possession. These premises were leased as a department store for the sale of general merchandise. Within the purpose of the lease, the admission of large numbers of persons to the premises was contemplated. In a successful department store many patrons may be expected to come onto the premises to make purchases during a normal business day. And the number of persons patronizing the store may swell to crowds on bargain days or in a holiday season. Under §359 of the Restatement, Torts, the additional defendant, as lessors who leased the land "for a purpose which involves the admission of a large number of persons as patrons of his lessee" were jointly liable with the Caldwell corporation for the injury in this case because they had knowledge of the condition of the premises and the unreasonable risk involved, both at the time of the original lease and on its renewal in 1927. Cf. *Hayden v. Nat. Bk. of Allentown*, 331 Pa. 29, 199 A. 218; *Maglin v. Peoples City Bank*, 141 Pa. Superior Ct. 329, 14 A. 2d 827; *Dively v. Penn-Pittsburgh Corp.*, 332 Pa. 65, 2 A. 2d 831.

Judgment affirmed.