Hallbauer *v.* Zarfoss et al., Appellants.

172

Argued September 16, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*John I. Hartman, Jr.,* with him *Windolph, Burk-holder & Hartman,* for appellants.

*John Milton Ranck,* with him *Herbert S. Levy,* and *Appel, Ranck, Levy & Appel,* for appellees.

OPINION BY RHODES, P. J., December 17, 1959:

In this trespass action plaintiffs, husband and wife, sought to recover damages for personal injuries sustained by wife-plaintiff when she fell down a flight

of stairs in defendants' hardware store in Elizabethtown, Lancaster County. The jury awarded a verdict in favor of plaintiffs. Defendants' motion for judgment n.o.v. was overruled by the court below. Defendants have appealed from the judgment entered upon the verdict.

Defendants contend that the evidence does not establish negligence on their part, and that wife-plaintiff was guilty of contributory negligence as a matter of law.

The accident occurred on April 21, 1956. Mrs. Hallbauer, wife-plaintiff, entered defendants' hardware store about 8:30 p.m. that evening. The initial purpose was to purchase a hose reel. She entered the main door of the store from Market Square and walked toward the rear of the store, that is, in a westerly direction. She inquired as to where the hose reels were located and was directed to the rear of the store by a salesman. Continuing in a westerly direction to the rear of the store, she found a hose reel. While waiting for a clerk she was attracted to a rack of brushes. Upon observing the display of mops, brooms, and brushes, which were in a plywood display case directly across from the hose reels and to her right or in a northerly direction, she recalled that she was also in need of a wall brush. She proceeded to the display rack and went from one end to the other examining the bristles of the various brushes. The display, including mops, brooms, and brushes, was so constructed that she was required to reach above her head to observe and examine the articles. At the western end of the display she found a brush which she decided to purchase. It was then that she saw one of the owners of the store, who was apparently occupied with another customer in the rear of the store. She also saw a Mrs. Halderman standing at the hose reel table. She could not recall whether these events occurred before or after she had

examined the brush which she had decided to purchase; in fact, she stated that she remembered nothing thereafter until she was in the ambulance on the way to the hospital.

Mrs. Halderman had seen wife-plaintiff examining the brushes as the latter walked along the display. The mops, brooms, and brushes extended above the display rack which was approximately four and one-half feet high. Mrs. Halderman did not see wife-plaintiff begin to fall but observed her moments later as she was falling down the stairway to the basement. Mrs. Halderman stated that the last time she saw wife-plaintiff before the fall wife-plaintiff was standing at the west end of the plywood rack looking at the display and reaching up with her right hand to the brushes. The stairway was merely inches to wife-plaintiff's left, that is, beside her as she stood at the end of the rack. As Mrs. Halderman saw wife-plaintiff falling she called out; a defendant store owner and Mr. Halderman went to the bottom of the stairs, turned on the light, and found wife-plaintiff lying on the floor.

Defendants' store extends in an east-west direction with the main entrance at the east and the rear at the west. The stairway, located near the rear of the store, extends in an easterly direction towards the front from the main shopping floor to the storage basement below. At the main floor level the stairway is bound on the north by the north wall, on the east by tables, shelving displays, and a drinking fountain, and on the south by the mop, broom, and brush display rack. Because of the location and surroundings, the stairs are not generally visible from the front of the store or the side but only from a position almost directly in front of the entrance to the stairway. The brush display runs along one side of the stair well opening, thereby concealing the entrance of the stairway from the view of

anyone approaching in the manner of the wife-plaintiff. The stairs rise sharply and lead to the basement which is used only for storage purposes. The basement was not lighted; there were no signs or warnings indicating the presence of the stairway, and there was no barrier across the top of the stairway. Although she had been in the store numerous times, wife-plaintiff was not aware of the existence of the stairway.

When the evidence and all reasonable inferences arising therefrom are viewed most favorably to the plaintiffs, we are of the opinion that the evidence was sufficient for the jury to determine that the negligence of defendants was established, and that the wife-plaintiff was free from contributory negligence. *Farmers' Northern Market Company v. Gallagher*, 392 Pa. 221, 224, 139 A. 2d 908. Consequently, the court below properly refused defendants' motion for judgment n.o.v.

As to defendants' negligence we can say that they owed the wife-plaintiff, a business visitor, the duty to maintain the premises in a reasonably safe condition for the contemplated uses thereof and for the purposes for which the invitation was extended. In this respect defendants, with knowledge of a dangerous condition, would be obliged to warn the visitor of the existence of that condition. *Yarkosky v. The Caldwell Store, Inc.*, 189 Pa. Superior Ct. 475, 479, 151 A. 2d 839. There is no issue of defendants' knowledge of the conditions here involved. The maintenance of the stairway to the storage basement in the condition shown by this record was such that the jury could reasonably conclude that it was hazardous and dangerous to the customers shopping in the store. The stairs were maintained for the convenience of defendants for access to the storage basement, and the opening was obscured from the view of patrons approaching from the same direction as wife-plaintiff. Moreover, the stairway was made more dangerous by the fact that it was surrounded, except in a

limited area immediately in front of the stairway opening, by display shelves, tables, and racks which naturally diverted the attention of customers shopping in the store. The jury could have concluded that the maintenance of the rack at a height at or above eye level along the entire side of the stair well was the causative negligence in this case when considered along with the absence of any reasonable warning of the existence of the entrance to the stairs and the absence of any barrier or protection. The stair opening was located in the area intended to be used by shoppers; it was visible only to a limited extent because of the amount and nature of the various displays of merchandise which defendant maintained in and around that area. The question of defendants' negligence was for the jury.

This case is somewhat similar to *Johnson v. Rulon,* 363 Pa. 585, 70 A. 2d 325, where a patron was injured by falling through a trap door in the floor of a restaurant when his eyes were attracted to signs on the wall. The dangerous condition, while not entirely hidden, was largely obscured by the location of other objects near the trap door. As said in that case (page 591 of 363 Pa., page 328 of 70 A. 2d): " 'In a department store, goods, displayed attractively for the very purpose of catching the eye, may excuse one from noting an unguarded obstruction on the floor of the aisle in front of him.' "

The exhibits in the present case, including a floor plan of the store in the stair area and the photographs of the stairway surrounded by the display shelves, broom rack, and clusters of merchandise, strongly support a verdict of the jury that the maintenance of the stairway in this condition without warning or protection was not a satisfaction of the duty of the defendants to keep the premises reasonably safe for a business visitor such as the wife-plaintiff.

This is not such a clear case where, on the facts and the inferences therefrom, the minds of reasonable men could not honestly differ, and where, respecting the issue of negligence, it would have been proper to take the case from the jury or to have entered the judgment notwithstanding the verdict. See *Homa v. Wilkes-Barre Transit Corporation*, 394 Pa. 309, 310, 147 A. 2d 377.

It is equally clear that it cannot be said as a matter of law that the wife-plaintiff was chargeable with contributory negligence for her failure to observe and avoid the dangerous condition. In determining whether a business visitor's failure to observe a dangerous condition constitutes negligent inattention, the fact that defendants had eye-catching displays of merchandise which diverted the customer's attention is an important factor to be considered. *Yarkosky v. The Caldwell Store, Inc.*, supra, 189 Pa. Superior Ct. 475, 480, 151 A. 2d 839.

Plaintiffs' evidence indicated that wife-plaintiff was examining the brushes in the display rack to determine the purchase she desired to make. She moved along the rack which was so constructed that her attention was called to the objects at or above her eye level. This rack and display diverted her attention to the extent that, by following the display, she was placed on the edge of the stair opening. Having no knowledge of the dangerous condition she was entitled to rely upon defendants' performance of their affirmative duty in the premises; she was not required to exercise the same degree of concern as to her movements as would be properly required of her on a public sidewalk or highway. *Johnson v. Rulon*, supra, 363 Pa. 585, 590, 70 A. 2d 325; *Yarkosky v. The Caldwell Store, Inc.*, supra, 189 Pa. Superior Ct. 475, 480, 151 A. 2d 839; *Bloomer v. Snellenburg*, 221 Pa. 25, 27.

In addition, the fact that wife-plaintiff's mind is a blank as to the happening of the accident and its incidence created a rebuttable presumption that she did all that the law required with respect to her own safety. We do not perceive that this presumption has been rebutted on this record. See *Auel v. White*, 389 Pa. 208, 214, 132 A. 2d 350; *Grgona v. Rushton*, 174 Pa. Superior Ct. 417, 421, 101 A. 2d 768.

" '. . . Contributory negligence will be declared as a matter of law only where it is so clear that there is no room for fair and reasonable disagreement as to its existence. If reasonable doubt exists as to the inferences that may be drawn from the oral evidence, then it must be submitted to the jury. . . .' " *Seng v. American Stores Company*, 384 Pa. 338, 345, 121 A. 2d 123, 127. It cannot be said in this instance that the wife-plaintiff's negligence is so clear that there is no room for fair and reasonable disagreement as to its existence.

The case of *Burckhalter v. F. W. Woolworth Company*, 340 Pa. 300, 16 A. 2d 716, upon which defendants rely, is not apposite. In that case plaintiff was leaving the store and not shopping. The object over which she fell was of large proportion and located in broad daylight. By her own admission, her attention was in a direction other than that in which she was stepping and was not diverted by reason of any display of merchandise.

Defendants' negligence and the wife-plaintiff's contributory negligence were for the jury.

Judgment is affirmed.[1]

---

[1] The jury rendered verdicts for plaintiffs: For Charles H. Hallbauer the sum of $979.32, and for Margaret Hallbauer the sum of $2,500. A joint judgment was entered in the sum of $3,479.32 for the two plaintiffs. Only one appeal was taken to this Court.

It was error to enter one judgment on the two verdicts and to file only one appeal. Notwithstanding, we have affirmed the judgment.