Terrence WOOLEY, a minor, by his mother and guardian, Vida Wooley Vetterly, and Vida Wooley Vetterly, mother of said minor, in her own right, Plaintiffs,

v.

GREAT ATLANTIC & PACIFIC TEA COMPANY, a New Jersey Corporation, Defendant.

Civ. A. No. 14987.

United States District Court
W. D. Pennsylvania.

Jan. 27, 1960.

As Amended Feb. 1, 1960.

Morris Berger, of Berger & Berger, Pittsburgh, Pa., for plaintiffs.

Bruce R. Martin, of Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

About 5:00 P.M. on November 12, 1954, minor plaintiff, then four years old, was present in defendant's Talbot Avenue self-service market in Braddock, Pennsylvania; with him were his parents, Leslie Wooley, since deceased, and Vida Wooley Vetterly, who is also a plaintiff.

Mr. and Mrs. Wooley (now Mrs. Vetterly) were in the defendant's store for the purpose of making purchases. The aisles in the store were separated by rows of shelves placed back to back on which merchandise was displayed. The parents had selected some items of merchandise from the shelves facing one aisle and placed them in a basket on a cart pushed around by the father. Then they traversed a second aisle and were in the process of traversing a third aisle in search of Heinz soup when the accident happened.

As the parents were proceeding down the latter aisle, the minor plaintiff was about 8 feet behind them. No other people were in that aisle at the time, but other customers, as well as defendant's employees were present in other parts of the store. Mrs. Vetterly glanced around at minor plaintiff from time to time, and a "couple seconds" after one such glance, which disclosed the child to be proceeding along the aisle toward his parents, she heard a scream and turned to see her son on his knees in the aisle and 8 or 10 falling 10-ounce cans of A. & P. tomato soup, 3 of which struck the child, and one glancing from the top of his head.

The cans which fell had been stacked in pyramid fashion, 6 to 8 cans high, on the top shelf. The exhibits show that this shelf was constructed with a partition or divider at its rear to separate the merchandise on it from the merchandise on the top shelf of the row of shelves behind. The cans in question were stacked higher than the top of this partition.

The parents of the minor plaintiff had not touched this particular display prior to the accident, and the minor plaintiff himself was too small to have reached it without climbing up on the shelves, a possibility which is not supported by any evidence nor claimed as a defense. What actually caused the cans to fall from the top shelf is unknown.

Plaintiffs asserted that as a result of the blow or blows on the head sustained by minor plaintiff, he suffered an eye injury which has been treated from then to date and which may require an operation, and also suffered personality changes which will require psychiatric treatment. They sought damages for pain and suffering and inconvenience on behalf of the minor plaintiff, and for his medical expenses, past and future, on behalf of Mrs. Vetterly.

The case was tried to a jury. At the close of plaintiffs' evidence, defendant moved for a directed verdict on the ground that plaintiffs had "merely proved the happening of an accident * * *" and had "failed to produce evidence of negligence on the part of the defendant." This motion was denied and the jury returned a verdict in favor of Terrence Wooley in the amount of $1,700, and in favor of Vida Wooley Vetterly in the amount of $300, upon which verdict judgment was duly entered.

Subsequent to trial, defendant filed a motion for judgment in accordance with its motion for directed verdict, and plaintiffs filed a motion for new trial setting forth the following reasons:

"1. The verdict of the jury was inadequate.

"2. The Court erred in its charge to the jury.

"3. Any other reasons which may appear from the transcript of the trial."

Since filing their motion, plaintiffs have assigned no "other reasons" and at oral

argument plaintiffs' counsel stated that he was relying solely upon the inadequacy of the verdict. In view of this statement and the tenor of his argument and brief, and the fact that plaintiffs did not order a transcript of the charge, we presume that they are not pressing error in the charge as a ground for a new trial. We have before us, therefore, defendant's motion for judgment in accordance with its motion for directed verdict, and plaintiffs' motion for a new trial based upon the alleged inadequacy of the verdict.

▉▉ The burden was on plaintiffs to establish negligence on the part of defendant beyond the mere happening of an accident. Negligence may be established by circumstantial evidence, and we think the fact of negligence was so established in this case. Murray v. Frick, 277 Pa. 190, 121 A. 47, 29 A.L.R. 74. The owner of a self-service store has the duty to stack 10-ounce cans of soup in such places and in such manner that they will not create an unreasonable risk of harm to business invitees and their children. Where 8 or 10 cans fall from a pile of cans stacked high on the top shelf facing an aisle where shoppers are invited to walk and select merchandise, without negligence on the part of the plaintiffs, the jury may find that these cans were stacked unreasonably high on the top shelf, thereby creating a foreseeable and unreasonable risk of harm to plaintiffs for which defendant is responsible in damages for the injuries caused by the falling cans. The defendant could anticipate that throughout the day his employees and shoppers, who, in a sense, are both clerks and customers, Subasky v. Great Atlantic & Pacific Tea Co., 161 Pa.Super. 90, 53 A.2d 840, 841, might disarrange the can display to such an extent that some of the cans in the high pile would fall, as 8 or 10 did, upon invitees in the aisle, when triggered by the slightest disturbance. Garber v. Great Atlantic & Pacific Tea Co., 397 Pa.

323, 155 A.2d 346; Baily v. American Stores Co., 71 Pa.Dist. & Co.R. 613; § 302b, comment j, and §§ 332 and 343, Restatement, Torts.

▉ The plaintiff complains that the verdict was inadequate both as to the minor and his mother. It is the opinion of the court that the verdict was adequate for both. There was ample evidence from which the jury could find that certain of the claimed damages were unconnected with the injuries complained of. For example, the jury could have found that the psychiatric difficulties suffered by the minor plaintiff, or the major portion thereof, were unrelated to the blow on the head, and the jury could also have found that the eye problem in considerable proportion was due to other factors as well as the glancing blow of a 10-ounce can on the child's head. It was within the jury's province to evaluate the medical opinions and to apportion the medical expenses between the effects it found by a fair preponderance of the evidence were caused by the injury and the effects it found were not so established as to both the eye condition and the psychiatric difficulties of the minor plaintiff, and to award damages for only those medical expenses proximately resulting from defendant's negligence.

▉ At argument it was suggested that perhaps the verdict was a compromise. The negligence question certainly presented a difficult problem for decision, and the evidence adduced on cross-examination of the plaintiffs' witnesses was such as could create considerable doubt in the area of causation of the alleged medical effects. Compromise verdicts in such cases are both expected and allowed. Elza v. Chovan, 396 Pa. 112, 152 A.2d 238.

Accordingly, plaintiffs' motion for a new trial will be denied, and defendant's motion for judgment in accordance with its motion for a directed verdict will also be denied.