Anna **PEWATTS** and Nicholas Pewatts, her husband, Plaintiffs,

v.

**J. C. PENNEY COMPANY**, a corporation, Defendant.

Civ. A. No. 63–584.

United States District Court
W. D. Pennsylvania.
March 2, 1965.

and examined dresses hung on racks along the right side of the aisle. The lower edge of the dresses hung to within about one foot of the floor. By this time she had turned about and was proceeding back toward the main aisle, with the dresses to her left. At the point where the side aisle joins the main aisle defendant had placed a low table, six inches high, and about two feet by three feet in area, upon which stood a dress display mannequin. This would be at wife plaintiff's left side as she proceeded from the side aisle to the main aisle. There was no counter, curb or border defining this left hand edge of the side aisle, the whole area being carpeted both under the dress racks and under the low table. The table was placed immediately next to the dress racks and its edge along the side aisle was approximately in line with the outside lower edge of the hanging dresses.

Wife plaintiff was proceeding out of the side aisle into the main aisle and turning to the left to rejoin her husband and children who were in the main aisle a few steps to the left. She tripped and fell at the intersection falling into the tile-paved main aisle. Her testimony is that she tripped over the outer corner of the low table.

It is clear that this low platform was visible from the main aisle as one entered the side aisle, and that it was visible from the side aisle at a point on the opposite side, but wife plaintiff testified that she did not see it at any time. However, she testified that it was not visible to her at the time when she turned around and started to walk back from the dress rack to the main aisle.

■■ There is some conflict or confusion in wife plaintiff's testimony as to her exact position with respect to the side aisle and the main aisle at the time of her fall, and which foot struck the platform. We do not consider that any such conflict or inconsistency is fatal to wife plaintiff's case; the plaintiff is entitled to all favorable inferences that may be drawn from her testimony,

---

James R. Duffy and McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiffs.

Herbert Grigsby and Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendants.

WEBER, District Judge.

In this diversity negligence action, wife plaintiff was a business invitee in defendant's store. As she was walking along a main aisle in the store she noticed a display of hats and dresses to her left and she turned left into a side aisle about 44 inches wide and proceeded a few feet into the carpeted side aisle. She then examined some hats displayed on stands on a counter about 30 inches high on her left. She then turned right

and it is for the jury to reconcile conflicting statements. Railway Express Agency v. Little, 50 F.2d 59, 75 A.L.R. 963 (3rd Cir. 1931).

The defendant has moved for a new trial and for judgment N. O. V. In support of its motion for judgment N. O. V. defendant alleges that plaintiff failed to prove defendant's negligence, and that the evidence revealed contributory negligence of the wife plaintiff; as to the motion for new trial defendant alleges error by the court in its charge that the doctrine of "attractive display" might be applied to lessen the standard of care required of a plaintiff for her own safety.

■ With respect to the showing of defendant's negligence we are of the opinion that the evidence presented was sufficient to allow this case to go to the jury. The plaintiff is entitled to have all of the evidence viewed in the light most favorable to her and must be given every benefit of every inference and deduction reasonably to be made therefrom. Pritchard v. Liggett & Myers Tobacco Co., 295 F.2d 292 (3rd Cir. 1961).

■ From the testimony it appears that this low table was situated alongside a carpeted side aisle which had no delineated edge, that it was hidden from the view of a customer who would stand examining dresses on the same side of the aisle next to the table, that the corner of the table extended to the very corner of the intersection of the side aisle and main aisle and except for the six inch height at the table the view across the corner to the left was unobscured except for the mannequin which was placed somewhat back from the outer edge of the table. We may take it as a matter of common knowledge that customers in a store do not execute a military turn in going from one aisle to another. In this case the side aisle has been described as 44 inches wide, giving little room for sidewise movement, particularly in a department or variety store where people may be expected to pass in opposite directions.

■ While the defendant has argued that the "attractive display" doctrine is not applicable to the wife plaintiff in the specific circumstances of this case as lessening the duty of care which she was obliged to use for her own safety, we believe that this doctrine has application to fix defendant's standard of care. As was said in Hallbauer v. Zarfoss, 191 Pa.Super. 171, at pp. 175, 176, 156 A.2d 542, at p. 544 (1959):

"Moreover, the stairway was made more dangerous by the fact that it was surrounded, except in a limited area * * * by display shelves, tables, and racks which naturally diverted the attention of customers shopping in the store. The jury could have concluded that the maintenance of the rack at a height at or above eye level along the entire side of the stair well was the causative negligence in this case * *."

In the Hallbauer case (supra) the court pointed to the surrounding distractions as increasing the duty of the store owner to protect its customers. The wife plaintiff there testified to being attracted to a wall rack display of brushes where she chose one which was above her head, and just before or after this time seeing the store owner in the rear of the store, and seeing a friend at the hose-reel table. She could not tell the order of these events before her fall. The court held that the question of defendant storekeeper's negligence was for the jury, and that in considering the wife plaintiff's contributory negligence in not seeing the stairway immediately before her, the fact that defendant had eye-catching displays of merchandise which diverted the customer's attention is an important fact to be considered, citing Yarkosky v. The Caldwell Store, Inc., 189 Pa.Super. 475, 151 A.2d 839 (1959). We do not read this case or any of the other "attractive display" cases to require that plaintiff's eyes be riveted upon the attractive display at the very moment of the mishap.

■■ The jury in the instant case was instructed that they could consider

the surrounding displays as bearing on the question of wife plaintiff's contributory negligence. The defendant objected to this part of the charge and urges this as trial error in seeking a new trial. We do not feel that the wife plaintiff's conduct was so clearly negligent that there is no room for fair and reasonable disagreement as to its existence. She walked into the store along a main aisle with her husband and two children. The store was crowded. While going along the main aisle her attention was attracted to the display of hats on the counter to her left and she turned into the side aisle alongside the counter to examine them because she was interested in buying a hat. It was shown that the low table was visible to persons coming along the main aisle and turning into the side aisle as wife plaintiff had done, and she admitted on cross-examination that she did not see it. In the narrow side aisle, after examining the hats on the counter, she turned to the dress rack on the other side. From here the low table would not be visible, being obscured by the dresses. She then took a few steps toward the main aisle to rejoin her husband and children intending to go to the curtain department, when her foot caught on the corner of the low table at the intersection of the side aisle and the main aisle. We feel that this factual situation presents the matter of her contributory negligence to the jury, and we think that the facts properly called for instructions on the "attractive display" doctrine. The jury may properly have drawn the inferences from the evidence that the plaintiff failed to see the low table at the time when she was in a position to see it because at that very time her attention was drawn to the display of hats to the extent that she turned from her passage along the main aisle with her family to the side aisle to examine the hats more closely. It was just before the Easter season and we feel that such a display at such a time would constitute an almost irresistible attraction for any woman shopper. We think that these facts properly called for submission of the question of plaintiff's contributory negligence to the jury under a charge explaining the elements of contributory negligence and allowing the consideration of the "attractive display" doctrine.

"Contributory negligence will be declared as a matter of law only where it is so clear that there is no room for fair and reasonable disagreement as to its existence * * *. If reasonable doubt exists as to the inferences that may be drawn from the oral evidence, then it must be submitted to a jury. * * *" Seng v. American Stores Co., 384 Pa. 338, at p. 345, 121 A.2d 123, at p. 127 (1956).

■ Defendant also urges as grounds for a new trial that the verdict is excessive. Wife plaintiff received a verdict for $8,000. Her injuries consisted of bruises, contusions, and abrasions, and a strain of the lower back. She received three weeks of daily medical treatments, including physio-therapy and cortisone injections, and thereafter was troubled by low back pain from time to time and had further medical and x-ray examinations. She may be subject to recurrent back pains and has been instructed to avoid bending, stooping, and lifting. This has made her nervous and irritable. We feel that this argument is aptly considered by our colleague, Rosenberg, J., in Ramsey v. Mellon National Bank & Trust Co., 231 F. Supp. 1 (D.C.1964):

"It could be that if I were the trier of the facts the amount of damages that I might have awarded would have been different but that determination was placed in the hands of the jury and it was properly the one to make a determination of the damages. * * * The jury had before it evidence of pain, suffering and inconvenience of the wife-plaintiff. * * * I cannot say that the amounts awarded by the jury to the plaintiffs are unreasonable under the circumstances." (p. 6).

We are more concerned here with the question of the jurisdictional amount required in a diversity case. Clearly husband plaintiff's damages are limited, and the verdict was in his favor in the amount of the medical bills, $450. His cause of action for damages resulting in his wife's injuries is a separate cause of action, independent of his wife's claim, and must by itself meet the jurisdictional amount. Under the evidence produced in this case we are convinced that the damages of husband plaintiff could not, with reasonable certainty, have reached the jurisdictional amount. Sobel v. National Fruit Product Co., 213 F.Supp. 564 (D.C.E.D.Pa.) (1962). We will therefore grant defendant judgment N. O. V. with respect to the verdict awarded husband plaintiff. Under the present status of the decisions with respect to claims of plaintiffs for unliquidated damages for personal injuries we do not feel that free to make the same determination with respect to the wife plaintiff's claim.