Anna PEWATTS and Nicholas Pewatts, her husband,

v.

J. C. PENNEY COMPANY, a Corporation, Appellant.

No. 15367.

United States Court of Appeals Third Circuit.

Argued Dec. 6, 1965.

Decided Feb. 21, 1966.

Rehearing Denied March 25, 1966.

Herbert Grigsby, Pittsburgh, Pa. (Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., on the brief), for appellant.

James R. Duffy, Pittsburgh, Pa. (McArdle, Harrington, Feeney & McLaughlin, Pittsburgh, Pa., on the brief), for appellees.

Before KALODNER, Chief Judge, and MARIS and FORMAN, Circuit Judges.

FORMAN, Circuit Judge.

This is an appeal from the result of a negligence action brought in the United States District Court for the Western District of Pennsylvania by Anna Pewatts (hereinafter appellee),[1] a resident of Pennsylvania, against the J. C. Penney Company (hereinafter appellant), a Delaware corporation having its principal place of business in the State of New York, in which a jury verdict of $8,000 was entered in favor of the appellee. Appellant's motions for a new trial and for judgment notwithstanding the verdict were denied. Jurisdiction is founded on diversity of citizenship with the applicable substantive law being that of Pennsylvania.

The appellee was injured by her fall in appellant's Southland Shopping Center department store. Appellee, herself, was the chief witness on the liability aspect of the case. Appellant offered only one witness for the defense, an executive in appellant's organization, who explained from appellant's point of view why, aside from the appellee, the only eye-witness to the accident, appellant's former employee, could not reasonably be produced for examination. Thus, as to liability, this case centers almost exclusively, around appellee's own testimony. This testimony contained a certain amount of internal conflict, and discrepancies existed between statements of fact given on depositions and those set forth in reply to certain of appellant's counsel's questions on cross-examination. We need not deal with these conflicts, however, for the facts which turn this case are uncontradicted and are, for the most part, clearly set forth by the appellee in her answers to both counsels' inquiries.

Besides oral testimony and a courtroom demonstration the jury had the assistance of a photograph depicting the scene of the accident. Appellant offered this exhibit and it was admitted into evidence on the concession of counsel for the appellee that there was no objection to it. In the course of appellee's being examined she, contrary to statements made on depositions, contested the accuracy of the photograph's depiction of space. Again, as with the contradictions in appellee's testimony, resolution of such an issue of credibility is unnecessary in light of the pattern of facts dispositive of this case, and the concession of the photograph's admissibility.

Appellant's Southland Shopping Center store was departmentalized through the use of main aisles and side aisles. The main aisle here involved was tiled and uncarpeted, while the side aisle relevant to the discussion was carpeted. Appellee walked up the main aisle. She turned into the carpeted side aisle. To her left was a counter which delineated one edge of the aisle. Hats were displayed thereon. To appellee's right and paralleling the hat counter stood a rack from which dresses were hanging to about a foot from the floor. Flush against or very close to the dress rack's end nearest the main aisle was a rectangular platform two feet by three feet and six inches high. The platform projected itself two feet from the end of the dress rack to the edge of the main aisle and could be seen clearly from the main aisle and from any point in the side aisle abreast of its two feet wide side. Dress rack and platform defined the other boundary of the side aisle.

After entering the side aisle, appellee turned her attention to the hats while walking towards the rear. She then moved to her right and examined the dresses while walking back towards the

1. Nicholas Pewatts, the husband of Anna Pewatts, joined his wife's complaint with his claim for alleged damages for medical expenses and for loss of consortium. The District Court granted appellant's motion for judgment notwithstanding the verdict with respect to the $450 verdict awarded the appellee's husband, on the ground that the damages of the husband could not, with reasonable certainty, have reached the jurisdictional amount. The husband has not contested in this court the District Court's granting appellant's motion for judgment notwithstanding the verdict against him.

main aisle. Appellee proceeded to traverse the few remaining feet to the main aisle while looking at the floor and where she was walking.[2] At this point in time she tripped over the low platform previously described. She fell into the main aisle sustaining certain injuries. It should be underlined that appellee tripped over the leg of the platform nearest the main aisle, not the rear leg allegedly obscured by the dresses.

Appellee testified she never saw the platform and complained that appellant was negligent in its placement of the platform at a point where it was obscured from view. At the close of appellee's case appellant moved for an involuntary dismissal on the ground that the presentation offered by appellee afforded the jury no facts except those leading to "speculation and guess work." Appellant further based its motion on the ground that appellee's case disclosed contributory negligence as a matter of law. The motion was denied. At the close of appellant's case a motion for a directed verdict was made which also was denied.

In its instructions to the jury the District Court charged:

"* * * the fact that the store owner has eye-catching objects on display which diverts [sic] the visitor's attention is an important factor for consideration by the jury in determining whether or not the visitor used due care. In a store goods displayed attractively for the very purpose of catching the eye may excuse one from noting an unguarded obstruction on the floor in front of him. Under such circumstances, a lesser degree of attention is required of customers than of pedestrians on a public thoroughfare."

Appellant disputed the applicability of the attractive display doctrine to this case and contended in its new trial motion that the giving of such a charge was error and basis for a new trial. In denying the motion, along with appellant's motion for judgment notwithstanding the verdict, the District Court reasoned:

"The jury may properly have drawn the inferences from the evidence that the plaintiff failed to see the low table at the time when she was in a position to see it because at that very time her attention was drawn to the display of hats to the extent that she turned from her passage along the main aisle with her family to the side aisle to examine the hats more closely."[3]

There are two possible bases for negligence in this case: (1) The platform over which appellee tripped was so obscured that a reasonably prudent person could not have observed it and, therefore, could not have avoided it prior to the accident and (2) Even though the platform may reasonably have been in sight, the attractive displays so engrossed appellee as to have diverted her attention from the platform which normally could have reasonably been avoided. In our view, the undisputed facts of this case, as set forth in appellee's direct testimony, and her answers to appellant's counsel's cross-examination, cannot, as a matter of law, sustain a jury finding of appellant's negligence under either of the above two relevant theories.[4]

---

2. Appellee testified:

"Q. * * * Now, as you were walking out of the aisle, what were you looking at?

"A. I might have glanced back at the merchandise or glanced at maybe some of the people, and then looked forward to walk ahead.

"Q. Were you looking at the floor?

"A. Yes.

* * * * * * *

"Q. But Mrs. Pewatts, if you had been looking couldn't you have seen the platform when it was right beside you?

"A. I was looking where I was walking."

3. Pewatts v. J. C. Penney Company, 238 F. Supp. 736, 739 (W.D.Pa.1965).

4. As was stated by Chief Judge Kalodner in Moore v. Smith, 343 F.2d 206, 210 (3 Cir. 1965):

"It is settled in Pennsylvania, and it is the general rule, that '[a] trial judge should never submit to a jury a conjectural theory of negligence or causation'; '[a] point of fact not warranted by the

Assuming arguendo that the platform, when approached from the rear, was obscured by the hanging dresses, the evidence reveals that appellee did not trip over the rear leg of the platform. To trip over the front leg nearest the main aisle, as appellee did, some movement abreast of the two feet side of the platform would have been mandatory. At that point the platform is clearly revealed and it may not be said that there was a negligent obscuring of the platform by the appellant which caused, or even contributed to, the accident.

█ The evidence also clearly demonstrates, as a matter of law, that the District Court's applying the attractive display doctrine, whether it be pointed towards the concept of primary negligence, or that of contributory negligence, is certainly misplaced. No inference may be drawn that store displays did, or even may have, diverted the appellee's attention at the time of the accident. Her testimony is unequivocal that she was looking at the floor and looking where she was walking when the unfortunate happening took place. Any distraction due to attractive displays had terminated prior to appellee's taking those final steps which resulted in her falling. Thus, a jury should not have been allowed to find that, even though the platform may reasonably have been in sight, the attractive displays so engrossed appellee that her attention was diverted from the path through which her steps carried her.[5] This theory of negligence may not be sustained under the facts of this case.

█ The District Court erred, therefore, both in submitting the question of negligence to the jury and in refusing appellant's directed verdict motion and its motion for judgment notwithstanding the verdict. Thus, based on the above legal considerations, the order of the United States District Court for the Western District of Pennsylvania denying appellant's motion for judgment notwithstanding the verdict will be reversed.[6] The case will be remanded to the District Court for the entry of judgment for the appellant.

---

evidence should not be submitted.' Stegmuller v. Davis, 408 Pa. 267, at page 271, 182 A.2d 745, at page 747 (1962). And see, O'Neill v. Reading Co., 306 F. 2d 204, p. 206 (3 Cir.1962), where we stated:

" 'What has been said establishes that an issue was submitted to the jury on which there was no evidence and that this is reversible error is settled by a long line of cases.' "

5. Pennsylvania law supports application of the attractive display doctrine when the evidence demonstrates that the injured party's attention had been diverted by the displays. Johnson v. Rulon, supra note 3, at 590–91, 70 A.2d at 328; Rogers v. Max Azen Inc., 340 Pa. 328, 332, 16 A.2d 529, 531 (1940); Hallbauer v. Zarfoss, 191 Pa.Super. 171, 177, 156 A.2d 542, 545 (1959). The law is not clear whether the existence of displays in the area of the accident would, in and of itself, suffice to trigger applicability of the attractive display doctrine, when affirmative evidence indicating that the injured party's attention was, in fact, diverted is absent. In the instant case, however, all doubt is dispelled by appellee's uncontradicted testimony describing the care with which she took her final steps before falling. Her testimony reveals that at the time of her falling her attention could not have been drawn to the displays.

6. Appellate tribunals are appropriately reluctant to reverse decisions of trial courts submitting an issue of negligence to a jury. As was stated in the leading case of Flagiello v. Crilly, 409 Pa. 389, 390, 187 A.2d 289, 290 (1963):

" * * * It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor. * * * "

Having done this here, however, we are constrained to conclude that entry of a judgment notwithstanding the verdict is mandatory for "[d]efendant * * * is not an insurer and a plaintiff cannot walk blindly or carelessly into a clearly visible object and recover for injuries which resulted from her negligence." Stenson v. Rechutti, 416 Pa. 548, 551, 207 A.2d 760, 762 (1965).